UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUTHER JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 04 C 6623 |
| | ) | |
| ROGER E. WALKER, JR., Director of | ) | Judge George M. Marovich |
| Illinois Department of Corrections, JORGE | ) | |
| MONTES, Chairman, ERIC W. ALTHOFF | ) | |
| NANCY L. BRIDGES-MICKELSON, JAMES | ) | |
| DONAHUE, ROBERT L. DUNNE, CRAIG | ) | |
| FINDLEY, ANDREW FOX, DAVID FRIER, | ) | |
| BARBARA M. HUBBARD, THOMAS L. | ) | |
| JOHNSON, JESSE MADISON, MILTON | ) | |
| MAXWELL, JOHN STENSON, NORMAN M. | ) | |
| SULA, GERALDYNE TYLER, as Members | ) | |
| of the Prisoner Review Board, JOSEPH | ) | |
| BURKE, Deputy Director of Parole Division, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Luther Jones ("Jones") filed a two-count amended complaint against defendants Roger E. Walker, Jr., Jorge Montes, Eric W. Althoff, Nancy L. Bridges-Mickelson, James Donahue, Robert L. Dunne, Craig Findley, Andrew Fox, David Frier, Barbara M. Hubbard, Thomas L. Johnson, Jesse Madison, Milton Maxwell, John Stenson, Norman M. Sula, Geraldyne Tyler and Joseph Burke. In both Counts, plaintiff brings suit pursuant to 42 U.S.C. § 1983 to challenge policies he believes violate his due process rights. Jones brings Count I on his own behalf and Count II on behalf of a purported class. Defendants have moved to dismiss both counts.

## I. Background

From approximately January 2004 to early September 2004, Jones was on parole from the Illinois Department of Corrections. At some point in September 2004, plaintiff was arrested for an alleged parole violation. In his complaint, Jones alleges that his constitutional right to due process of law was violated because he did not receive a preliminary parole revocation hearing within ten days of his arrest and because he did not receive the hearing at or near the site of the alleged violation. Instead, Jones was transferred from the Cook County Jail to the Stateville Correctional Center. In addition, as of the time Jones filed his amended complaint, he had been in custody for more than sixteen days and still had not received a parole revocation hearing. Jones's amended complaint makes clear that he seeks to bring his suit as a class action, but Jones has not yet filed a motion for class certification.

Defendants moved to dismiss plaintiff's complaint on the grounds that the conduct alleged to have violated the constitution had been explicitly allowed by a consent decree entered by the Court in the case of *Duran v. Sheahan*, 74 C 2949.[1] For several months, plaintiff failed to

---

[1] Specifically, the Court entered an order in October 2003, which amended the consent decree entered in that case and which stated, in relevant part:

> The Court finds that Defendants' Compliance with Consent Decree previously entered by this Court ("Decree") could be improved by the ability of the Sheriff to transfer from the Cook County Department of Corrections ("CCDOC") to the Illinois Department of Corrections ("IDOC"), all persons whom the Circuit Court of Cook County has imposed an unexpired period of imprisonment in the IDOC. An unexpired term is a term of years imposed by the Circuit Court that has not been completed even if the individual inmate has been previously released on mandatory supervised release. The inmates that have been sentenced to an unexpired period of imprisonment in the IDOC may have other unresolved cases pending in the Circuit Court of Cook County.
>
> \* \* \*

respond to defendants' motion to dismiss. The Court, because it was concerned that plaintiff's claims had been mooted by events that had occurred since plaintiff filed his complaint and upon its own motion, granted Jones additional time to respond to defendants' motion to dismiss and requested that plaintiff explain whether his case was moot. Similarly, the Court granted defendants time to file a reply in support of their motion to dismiss and to explain whether the case was now moot. Defendants provided evidence that plaintiff was released from custody in May 2005 because he had completed the sentence that was the subject of his parole from January to September 2004. Plaintiff has not disputed this fact.

## II. Discussion

Before the Court considers defendants' motion to dismiss, it must satisfy itself that it has jurisdiction over the case. *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001). The exercise of the Court's judicial power under Article III of the Constitution

---

**IT IS HEREBY ORDERED THAT THE DECREE IS MODIFIED IN THAT:**

  The Sheriff may, at his discretion and without further notice to this Court, transfer to the custody of the IDOC any persons housed at the CCDOC who have been previously sentenced to the IDOC for an unexpired sentence of confinement at the IDOC. The Sheriff may transfer any persons subject to the provisions of this order regardless of the issuance of any writ of habeas corpus ad testificandum or any commitment order to the CCDOC, issued by the Circuit Court of Cook County.

  When such persons subject to the provisions of this order are transferred by the Sheriff to the IDOC, such inmates shall serve the unexpired portion of his or her terms of imprisonment in the IDOC.

  If there is a need to return a sentenced inmate to the Circuit Court of Cook County to appear on a pending matter in the Circuit Court of Cook County, the IDOC shall return the inmate to the Circuit Court upon an order of that Court. Such sentenced inmate may not be recommitted to the custody of the Sheriff at CCDOC without order of this Court or agreement of the Sheriff.

"depends on the existence of a case or controversy." *United States National Bank of Oregon v. Independent Ins. Agents of Amer., Inc.*, 508 U.S. 439, 446 (1993). Federal courts do not have the power to render advisory opinions. *Id.* Among other things required for a case or controversy, the plaintiff must have suffered an injury that is "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Throughout the course of a lawsuit, the parties must continue to have a "personal stake in the outcome." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 478 (1990). Otherwise, the case has become moot and must be dismissed for want of jurisdiction. *Holstein v. City of Chi.*, 29 F.3d 1145, 1147 (7th Cir. 1994).

Plaintiff argues that his case is not moot because he presented a live case or controversy when he filed his amended complaint and because he filed his suit on behalf of a class of persons. While exceptions to the mootness doctrine exist (either for situations capable of repetition yet evading review or for certain situations involving class actions), no exception saves plaintiff's case from being moot.

First, under certain circumstances, class action cases will not be considered moot just because the named plaintiff's case is moot. In *Sosna v. Iowa*, 429 U.S. 393 (1975), the Supreme Court held that a class action did not become moot solely because the named plaintiff's claim had become moot. Rather, so long as the controversy "remain[ed] very much alive for the class of persons [plaintiff] ha[d] been certified to represent[,]" the case was not moot. *Id.* at 401. The Supreme Court, however, noted that:

> [o]ur conclusion that this case is not moot in no way detracts from the firmly established requirement that the judicial power of Art. III courts extends only to 'cases and controversies' specified in that Article. There must not only be a named plaintiff who has such a case or controversy at the time the complaint is filed, and at the time the class action is certified by the District Court pursuant to Rule 23, but there must be a live controversy at the time this Court reviews the case.

*Sosna*, 419 U.S. at 402. The named plaintiff in *Sosna* had been a member of the class with a live controversy at the time the class was certified. The fact that her claim (though not the claims of the rest of the class) had since become moot affected not whether the entire case was moot but rather whether the named plaintiff was an appropriate class representative for purposes of Rule 23 of the Federal Rules of Civil Procedure. *Sosna*, 419 U.S. at 403. What this means is that "once a class is properly certified, statutory Article III standing requirements must be assessed with reference to the class as a whole, not simply with reference to the individual named plaintiffs." *Payton v. County of Kane*, 308 F.3d 673, 680 (7th 2002).

In *United States Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980), the Supreme Court considered whether a named plaintiff whose motion for class certification had been denied before his claim became moot had standing to challenge on appeal the denial of class certification. The Court concluded that he could appeal the denial of class certification and explained:

> His injury continued up to and beyond the time the District Court denied class certification. We merely hold that when a District Court erroneously denies a procedural motion, which, if correctly decided, would have prevented the action from becoming moot, an appeal lies from the denial and the corrected ruling "relates back" to the date of the original denial. . . . If the named plaintiff has no personal stake in the outcome at the time class certification is denied, relation back of appellate reversal still would not prevent mootness of the action.

*Geraghty*, 445 U.S. 404 n. 11. The Supreme Court has also held that where a named plaintiff's claim becomes moot after he files a motion for class certification but before the court has ruled on the motion, the case will not be considered moot if the named plaintiff's claim is "so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991) (citing *Geraghty*, 445 U.S. at 399).

But the plaintiff points to no case that has gone so far as to say that a named plaintiff can avoid mootness merely by alleging in his complaint that the case is appropriate for class treatment. To the contrary, in *Holstein v. City of Chi.*, 29 F.3d 1145, the Seventh Circuit rejected the idea that a named plaintiff whose personal claim was moot could avail himself of the class action exception to the mootness doctrine where he had never even filed a motion for class certification. *Id.* at 1147. Like the plaintiff in *Holstein* and unlike the plaintiff in *McLaughlin*, Jones did not file a motion for class certification before his claim became moot. The class action exception to the mootness doctrine does not save Jones's case.

Another exception to the mootness doctrine exists. A claim is not moot where it is capable of repetition, yet evades review. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). The doctrine "applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *Lyons*, 461 U.S. at 109. Thus, a case is not moot when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Belda v. O'Marshall*, __ F.3d __, __, 2005 WL 1743791 at * 2 (7th Cir. July 26, 2005) (internal citation omitted). Thus, the "capable of repetition" portion considers whether the particular controversy is likely to occur again with respect to the parties in the case–not whether other individuals may face the conduct. *See Buckley v. Archers-Daniels-Midland Co.*, 111 F.3d 524, 527 (7th Cir. 1997) ("Even assuming her claim is inherently transitory, 'there is no reasonable expectation, much less a demonstrated probability, that the same controversy will recur' between Buckley and ADM") (internal citation omitted); *Hedges v. Wauconda Comm'ty*

*Unit School Dist. # 118*, 9 F.3d 1295, 1297 (7th Cir. 1993) ("the 'capable of repetition' aspect of the doctrine also is not satisfied because these parties will not again come into conflict over these questions.").

The exception does not apply here. First, the Court does not consider Jones's claim to be transitory (despite the fact that he claimed a right to receive a parole revocation hearing within ten days) given that his case was not moot until he was released from custody in May 2005, more than six months after his incarceration. *See Banks v. NCAA*, 977 F.2d 1081, 1086 (7th Cir. 1992) (claim not transitory where 120 days passed between actionable event and the date claim became moot). Second, there is no reasonable expectation that Jones will again need a parole revocation hearing from these defendants. Although he is currently charged with crimes, it is too speculative to assume he will a) be convicted; b) be paroled; and c) again be incarcerated for a parole violation. Accordingly, Jones cannot avail himself of the "capable of repetition yet evading review" exception to the mootness doctrine.

Jones's case is moot. Accordingly, the Court lacks jurisdiction over this case and hereby dismisses the case without prejudice.

## III. Conclusion

For the reasons set forth above, the Court dismisses the case without prejudice. All pending motions are denied as moot.

ENTER:

*George M. Marovich*
George M. Marovich
United States District Judge

DATED: 08/29/05